**Raymond DEAN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17214.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 10, 1962.

Decided Dec. 20, 1962.

Mr. James L. Highsaw, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Max Frescoln, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY and WASHINGTON, Circuit Judges and BELL, Circuit Judge for the Fourth Circuit.*

PER CURIAM.

Appellant was convicted of assault with a dangerous weapon, in violation of § 22–502 D.C.Code, and sentenced January 8, 1960, to imprisonment for three to nine years. There followed various motions and documents filed by him in the District Court and in this court. These leave a question whether the case is before us on direct appeal from the judgment of conviction or from an order denying a collateral attack on the sentence under 28 U.S.C. § 2255. This question as well as the merits have been ably analyzed and presented to us by counsel appointed by this court.

There is no doubt that appellant's indictment arose out of the discharge of a pistol in his hand while he was brandishing the pistol in front of a number of people who, with him, were attending an evening party. Nor is there dispute that the bullet struck and wounded the complaining witness who testified at the trial.

* Sitting by designation pursuant to Sec. 291(a), Title 28, U.S.Code.

Present counsel urges error, including lack of clarity, in the court's instructions to the jury (1) on the necessity for the prosecution to sustain the burden of proof beyond a reasonable doubt to negate the claim that the discharge of the pistol was accidental, and (2) with respect to the credibility of the chief witness for the prosecution whose testimony in some respects could be found by the jury to have been false. Though we may agree that the instructions contained errors, we nevertheless think the errors not serious enough to require reversal. This is so whether the appeal is considered as from the judgment of conviction, or *a fortiori*, from the order denying the motion under Section 2255. Ramsour v. United States, 108 U.S. App.D.C. 49, 280 F.2d 57 (1960).

We are also unable to accept the contention that a verdict of not guilty should have been directed.

Affirmed.

Wright, Circuit Judge, dissented.